IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOAN ELIZABETH TOLFA,

    Plaintiff,

vs.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 13-624

O R D E R

AND NOW, this 16th day of September, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.[1]

---

[1] While the Court has carefully considered Plaintiff's arguments, it finds that her contentions are without merit. Plaintiff argues that the ALJ erred by finding that her Huntington's disease was not a medically determinable impairment prior to March 31, 2006, her date last insured. Plaintiff further contends that the ALJ erred by failing to call upon a medical advisor to determine the onset date of her Huntington's disease, since it was a slowly progressing condition. After careful review of the record, the Court disagrees and finds that substantial evidence supports the ALJ's Step Two determination.

In so finding, the Court notes that Plaintiff's reliance on Newell v. Comm'r of Soc. Sec., 347 F.3d 541 (3d Cir. 2003), Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), and Social Security Ruling ("SSR") 83-20 is misplaced under these facts. Plaintiff alleges a disability onset date of January 1, 2002, and the parties do not dispute that Plaintiff's insured status expired on March 31, 2006. Thus, Plaintiff was "required to demonstrate the existence of a [medically determinable] impairment that precluded her from performing substantial gainful activity for a continuous period of twelve months prior to the expiration of her insured status." Kelley v. Barnhart, 138 Fed. Appx. 505, 507 (3d Cir. 2005).

Relying on SSR 96-4p, the ALJ properly concluded that Plaintiff had failed to meet that burden because "there were no medical signs or laboratory findings in the record to substantiate the existence of a medically determinable impairment through the date last insured." (R. 25). In making that finding, the ALJ discussed Plaintiff's allegation that she had "first noticed an onset of Huntington's disease symptoms . . . when she was 28 years old" and noted that she "turned 28 on September 6, 1986." (R. 24). However, he explained that the record did not contain any "medical evidence *documenting a diagnosis, treatment, or symptoms* of Huntington's disease before 2007" and that "the earliest medical evidence of claimant's Huntington's disease was on February 26, 2007." (Id.) (emphasis added). While the ALJ explicitly considered the lay evidence from Plaintiff's family and friends that purported to corroborate her allegation that her Huntington's disease was a disabling impairment before March 31, 2006, he explained that, under SSR 96-4p, "under no circumstances may the existence of [an] impairment be established on the basis of symptoms alone," "regardless of how genuine the individual's complaints may appear to be." (R. 24).

Significantly, and unlike the situations in Newell and Walton where the ALJ did not have access to adequate medical records from the relevant time period, the ALJ in this case did have medical records from 2002 through 2006 but they simply failed to support Plaintiff's claim that Huntington's disease was a disabling impairment prior to March 31, 2006. See Exhibit 19F. Moreover, unlike the situation in Walton where the alleged onset date was more than 30 years in the past, Plaintiff's alleged onset date predated the expiration of her insured status by only four years. Additionally, unlike Newell, the ALJ here considered Plaintiff's reason for why she did not get formally tested for Huntington's disease between 1997 and 2007 but found that the record did not corroborate her excuse. (R. 24-25). As Defendant points out, treatment notes regarding her father's diagnosis actually refute her explanation since her father's family was

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

offered genetic testing and counseling after he tested positive for the disease in 1997. (R. 463-69). Indeed, an October 21, 1997 treatment note explicitly states that her father's physicians "wish to connect this patient's extended family with our genetic counselor for purposes of offering genetic counseling and testing services where these may be desired." (R. 468).

        Thus, Newell and Walton are distinguishable, and, because the ALJ had access to medical records from the relevant time period, he was not required to call upon a medical advisor pursuant to SSR 83-20. See Newell, 347 F.3d at 549, n.7 (explaining that "[i]n Walton, we held that the ALJ must call upon the services of a medical advisor in a situation where the alleged impairment was a slowly progressing one, the alleged onset date was far in the past, and adequate medical records for the most relevant period were not available."); see also Klangwald v. Comm'r of Soc. Sec., 269 Fed. Appx. 202, 205 (3d Cir. 2008) (noting that SSR 83-20 generally has been applied "only where medical evidence from the relevant period is unavailable."); Jakubowski v. Comm'r of Soc. Sec., 215 Fed. Appx. 104, (3d Cir. 2007) (rejecting claim that medical advisor was necessary by distinguishing Newell and Walton on grounds that "the ALJ in this case had access to adequate medical records from the time period before the expiration of Jakubowski's insured status and these records did not support her alleged onset date."). Accordingly, the Court finds that substantial evidence supports the ALJ's Step Two determination that Plaintiff's Huntington's disease was not a disabling medically determinable impairment prior to March 31, 2006.